## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| AUNDRIA M. SIMS | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-1478 |
| | § | |
| BROADMOOR CONTINUING CARE | § | |
| CENTER, LTD. CO. | § | |
| Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover unpaid minimum wages and overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Aundria M. Sims ("Plaintiff"), by Defendant Broadmoor Continuing Care Center, Ltd. Co.

### Parties

1.      Plaintiff Aundria M. Sims ("Sims") is a former employee of the Defendant, as that term is defined by the FLSA, and is represented by the undersigned.

2.      Defendant Broadmoor Continuing Care Center, Ltd. Co. ("Broadmoor") is a Texas limited liability company that was an "employer" of Sims as that term is defined by the FLSA. With respect to Plaintiff, Broadmoor is subject to the provisions of the FLSA. Broadmoor was at all relevant times an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Defendant Broadmoor may be served with process through its registered agent, David Eriksen at 2537 Golden Bear Drive, Carrolton, Texas 75006 or wherever he may be found.

### Jurisdiction and Venue

3.      This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district,

and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

### Factual Allegations

4.      Sims started working for Defendant as a cook/production manager in October of 2016 and is still currently employed by the Defendant. Sims's duties as a cook/production manager include but are not limited to, being in charge of the kitchen, preparing meals for the residents at the facility, keeping her work area clean, storing, keeping track and requesting inventory for the kitchen, supervising the work of kitchen employees and directing their work. Sims is required to work more than 40 hours a week with Defendant. Sims is paid on a salary rate basis, but is not paid premium pay for hours worked over 40. In other words, throughout Sims's employment with Defendant, Defendant has failed to pay her the overtime premium required by the FLSA. Sims is paid the same salary rate for all hours she works, regardless of

how many hours she works in a week.

5.      At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff is not an "exempt" employee.

6.      Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Due to the knowing and willful conduct of Defendant in violating the FLSA, Plaintiff is entitled to recover unpaid minimum wages, overtime compensation and liquidated damages for a period of three years prior to her appearance in this matter.

## CAUSE OF ACTION

### Violation of the FLSA: Failure to Pay Overtime Premium

7.      Plaintiff incorporates all previous averments of fact into this Cause of Action. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendant.

8.      Plaintiff worked, with the full knowledge and to the benefit of Defendant, more than 40 hours during work weeks.

9.      Defendant paid Plaintiff the same salary for each week, no matter how many hours she worked.

10.     Defendant knew or should have known that Plaintiff was entitled by law to an overtime premium for every hour worked over 40 in any given work week.

11.     Defendant willfully refused to play Plaintiff the overtime premium.

12.     Plaintiff has been damaged by Defendant's intentional failure to pay Plaintiff the overtime premium for hours worked over forty.

13.     Defendant is liable to Plaintiff under the FLSA for all unpaid overtime premium, liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

14.     Plaintiff sues Defendant for violation of the overtime provisions of the FLSA and

seeks recovery of damages, liquidated damages, attorney's fees and costs.

## Jury Demand

15.     Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff demands:

1.     Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime
       wages at the applicable rates;
2.     Judgment against Defendant that its violations of the FLSA were willful;
3.     An amount equal to the actual damages as liquidated damages;
4.     To the extent that liquidated damages are not awarded, an award of prejudgment
       interest;
5.     All costs and attorney's fees incurred prosecuting these claims;
6.     Leave to amend to add claims under applicable state laws; and
7.     For such further relief as the Court deems just and equitable.


                              Respectfully Submitted,

                              **THE BUENKER LAW FIRM**

                              */s/ Josef F. Buenker*
                              Josef F. Buenker
                              TBA No. 03316860
                              jbuenker@buenkerlaw.com
                              2060 North Loop West, Suite 215
                              Houston, Texas 77018
                              713-868-3388 Telephone
                              713-683-9940 Facsimile
                              **ATTORNEY-IN-CHARGE FOR
                              PLAINTIFF AUNDRIA M. SIMS**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgettlaw@gmail.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF
AUNDRIA M. SIMS**